Case No. 19-727, League of Women Voters of the United States, et al. This is Brian D. Newby in his capacity as the Executive Director of the United States Election Assistance Commission, et al. Eagle Forum, Education and Legal Principles, appellate. Mr. Joseph will be appellate. Welcome, Mr. Newby. Thank you, Mr. Newby. Thank you, Mr. Newby. Chief Justice Garland, and may it please the Court, my name is Larry Joseph. I'm here for Eagle Forum, Education and Legal Defense Fund, a movement for limited purpose intervention below that we were denied. The underlying case involves voting rights or voting power between the state and the federal government. Who gets to decide who gets to vote, essentially. So it's an important underlying case, but we're a tangent, which raises important First Amendment cases. I'm sorry, First Amendment issues that go to self-government. The dispute, I'd like to sort of imagine a very simple target with a large red bullseye, a white circle around that. And that's where the dispute will be. We're going to a department store? No, the outer circle. That's what I imagine when I see that target, yeah. I was going to say dartboard. Anyway, and the outer circle is blue, so it's the RAF insignia. And so blue is irrelevant. Those are things that are not in any way going to be court records. Red is things that the court actually relied on. And then the white area is where the dispute largely lies here. I should have laid some more background. I'm sorry. So there was a deposition that one of the defendant interveners wanted to bring in this suit. The government opposed it based on assertive privileges to sort of move that along because we were — actually, my client wasn't involved then. They were working on an expeditious motion for preliminary injunction. So the court allowed the parties by consent to enter a protective order and said we'll get back to that later. And so some material was kept from the public, which normally presumptively would have a First Amendment right of access and a common law right of access. So my client moved to intervene to unseal the record, which had now been sealed for some number, more than a year, I think, under the National Children's Center line of cases for limited-purpose intervention to unseal the record, tangential to the main case. The district judge — our motion was fully briefed. Two years passed. We filed a — I think it was a motion for a status report or something along those lines, just to try and find out what was happening, if we could. And we were quickly then met with a short denial, citing that the existing intervenors adequately — merits intervenors in the underlying voting rights case adequately represented our interest and that the records we were seeking to unseal weren't court records. Now, I, of course, have not seen these. I don't really know, I suppose, what's there, to be honest. I know it's the deposition of a person, but I don't know fully what's there. Can I ask you to address our jurisdiction? Because we have a couple of cases that say denial of permissive intervention by itself is not appealable. The National — the EEOC versus National Children's Law Center, I believe, makes an exception to this. It didn't make an — it just didn't talk about it. What's that? It just didn't talk about it, so the issue might not have been raised there. But the government flags it in its brief here that there's a jurisdictional problem. We've had the Endangered Species Act and the In Reitemann's litigation cases, where both of which we said we don't have jurisdiction over — I don't recall that I responded to that in the reply brief, and so I hope we haven't waived it. I don't know if I could file something in response, but I'm taken by surprise. I apologize. May I file something then to respond to that, or is that — Why don't we wait until after our — if we hear the case, then we'll decide whether we want more information. Fair enough. So going back to the target, the district judge basically said that only things in the red center were things that he actually relied on, were court records. Chief Judge Garland's MetLife decision about the Better Markets case, I think, rebutted that, and so at the very least, he's wrong about that. It might not be wrong enough to matter, because you don't review his text or decision. You review his holding. So there's an open question as to what in that white zone is not relied on, but not irrelevant enough to qualify as a court record. One of the defendant interveners in this case made an admission of sorts that he reckoned that the judge could decide the case without going into these sealed materials, but he did cite them, and so I think could is necessary but not sufficient to sort of — if we're going to subdivide the white zone or push some of it into the blue or the red — well, not the red, I'm sorry. It might get kicked out. So just the fact that you could decide a case without relying on it doesn't mean that it's not relevant. I think that the test of relevance — in fact, the government doesn't seem to disagree with us. They say in one of their headings that it's properly before the court and relevant. We agree with that, although we might quibble with the government about what properly means in that construct. But the — So what exactly is your test? Can you articulate your test for me? Or what counts as a court record? It's something that could — I'm sorry. It can't be everything that someone files. Absolutely not. With the court. Correct. We know that from — Right. So, for example, if you have a — I think it's called a springing appeal. You move to intervene, and then you have another argument to make, and that was based on new evidence, hypothetically, and your intervention is denied, the court never gets that. Or if there's a late appeal, you move for leave to appeal late, and then you have other things to say. If you're denied at that threshold, so that's stuff that's chopped off by the court just not being able to reach it because of some threshold failing. Is that right? So imagine we have thousands of amicus briefs filed in this court all the time, which we do, and sometimes we deny them. Would you say that the amicus briefs are no longer court records, that people aren't entitled to see amicus briefs that we did not accept? I think if you could have. I mean, if you're willfully ignoring arguments that are clearly true, and the amicus certainly believes you are. Now, if you say it's late, then I suppose maybe the answer is yes. I would maybe agree with that. But if you just deny leave — And we can refuse to allow the public to see them. Is that an idea? Any amicus brief filed in this court that we don't accept, we can refuse the public to see it. Well — You don't actually think that, so you don't really need to defend that. Okay, sure enough. Thank you. The government may have to defend that, but you don't. Take notes. So I guess our position would be, if it's relevant, if the court could have relied on it. And so, for example, here was a preliminary injunction case, the prior appeal here that has sealed appendix, the public interest prong of the four-part test for preliminary injunction. We think there's some sort of underhandedness in DOJ's and the agency defendant's handling of an earlier case, in which they expressly relied, in this case, in district court. So it's sort of like a fruit of a poisonous tree sort of situation. They effectively misled a series of courts, and then they relied on their victory here. And that is something that you could take into account in the public interest, I think, in whether or not a preliminary injunction would be allowed here. So it could have been reached. And the defendant intervener — I'm sorry. Is that your argument that was in your reply brief about, like, a bad faith sanctions? Or I didn't see anything in your opening brief about them misleading anybody or — Right. I think what — Fruit of a poisonous tree or anything like that. I'm a bit confused. Well, that was an analogy here. But it was in our brief below, briefs below. And it was — we didn't — we thought the better market case or MetLife case was perhaps better for us. Right. You didn't raise any such argument in your opening brief. No, I don't think we did.  But we certainly raised it below. And I'm actually running out of time. Okay. You can save it. Thank you. May it please the Court, Carolyn Lopez on behalf of the government. This case represents the inverse of MetLife. So the key question on whether something is a judicial record, the test, is whether the public would need to see the underlying record to understand a decision that the Court has made. So in MetLife, this Court made clear that where something — the sealed material is part of the administrative record on which the decision had to be based and went to a claim that was actually resolved. Do you think MetLife only applies to administrative law cases? No, Your Honor. But here — what we take MetLife to mean in the posture that it was — that was before it. It was an administrative law case. But you don't think it meant only that briefs and administrative law cases are records? No, Your Honor. What we take MetLife to mean is the — is what it says, which is that the purpose of the common law presumption of public access is for the public to be able to understand what did or did not persuade the Court. But in discussing that, this Court emphasized that in an administrative record case, which this is as well, of course where something is in the administrative record, courts have to review it. And here it's exactly the inverse, where something is not in the administrative record in an APA course, in an APA case, the Court is not supposed to consider it unless there's some sort of motion to supplement the administrative record that's granted. But what if we had a party urging us to look at the materials as part of a preliminary injunction appeal? Here, of course, at JA-118, Kansas said that conceded to the district court that looking at the materials wasn't relevant, that it wasn't necessary. But to us, to us, in this Court, the Public Interest Foundation footnote 1 says, the materials, the sealed materials may well be relevant to the other preliminary injunction elements, and the Foundation submits that a thorough examination of the merits of the other preliminary injunction prongs cannot be complete without review of those materials under seal. Here, if the Court were to — And urges us then to unseal it. So it seems like the issue was whether it shows up in the final opinion. You just said, what do courts do or do not — what does or does not persuade? It seems to us the arguments were very much to the Court to look at those materials as part of its decision-making process, even if they don't actually end up in the opinion. No, Your Honor. And here we think that the logic, the Ingray-Reporters case at 1338, although that is a First Amendment — that there's not a First Amendment presumption of access in those circumstances, would apply to the common law presumption of access, too. And otherwise, it really would be any time a party throws something in front of the Court, regardless of whether it's privileged, regardless of whether — No, but the Court encouraged this. The Court permitted the depositions to go forward here, right? This isn't somebody who took a bunch of slanderous stuff or a bunch of information involving a search warrant that wasn't relevant and threw it into the record. The district court approved the depositions. Isn't that right? Yes, Your Honor. But here it's important to recall that all of us haven't done an extraordinarily fast track because it was a preliminary injunction. Even fast things are judicial records. And just because some courts are slow and some courts are fast, that can't possibly define what's a judicial record. No, Your Honor. We think in this case where all the district court said is, we're talking about a preliminary injunction, we understand that the government has multiple objections to this deposition being taken in the first place. And those are that it's not part of the administrative record, so the Court shouldn't be considering it as part of its decision-making, and also that there are multiple pending privilege objections. So if a party files information that's not part of the record with us, for example, which perhaps the government well knows happens quite a lot, and we hold this is not part of the record, that part of the briefs are not judicial records either? Yes, Your Honor, it would be facts dependent on the reasons. I just told you the facts. So here, assuming that your hypothetical is that this court says it's not properly part of the record, it's not part of the administrative record. Somebody files a brief and puts in it evidence that the government misbehaved. And they file an entire brief on this subject. We look at it, and we, based on Chenery, say, sorry, this is not part of the judicial record, this is not part of the reasoning of the agency below. So we reject this argument. You're not telling me that's not part of it. No, Your Honor. If the court says something in its opinion that indicates that it actually considered the evidence but ultimately found it to be not persuasive, that might be a different case. But here, no such court has done that. All right, so your brief in this case argues two things, that the sealed documents are not judicial records because they were not considered by any court, and two, that they couldn't have been considered until after resolution of privilege. Yes. Imagine I'm reading your brief and I agree with the first part. And then I say, well, I don't need to read the rest. And in my opinion, I say, I didn't need to read the second half of the government's brief. Are you saying the second half of the government's brief is not a judicial record? No, Your Honor, because what we're discussing is a very narrow rule that prevents perverse incentives for litigants to, in outlier cases like this, try to introduce material that's not relevant, that's really a sideshow to the main litigation that they admit isn't relevant, again, at JA-118, and to which the government – When you say it's not relevant, this is about the authority of the administrator or whatever the person was called, right? Delegated authority, right? Yes, Your Honor. An issue that this – that this Court has not actually ruled on and this Court at – Hasn't ruled on it yet. Yes, Your Honor. And we're not saying that this would necessarily never be a judicial record. It's where you – where there is the interplay between these factors. Well, so as I understand, on remand, the district court remanded to the agency to resolve this question, right? Yes, Your Honor. And the agency split? Yes, Your Honor. And it's now pending before the district court again. Yes, Your Honor. The very question we're discussing. Yes, Your Honor. Well, so I really – I find this in a way stunning that something – this will eventually become a judicial record because we know that it is now relevant. And yet we have to wait and the public has to wait to see what the arguments were until after we decide the case. No, Your Honor. We don't think that it's – no, Your Honor. It's not currently a judicial record. And under this Court's – under the logic of this Court's case in Ray Reporter's Committee, just because something is pending before a court doesn't make it a judicial record. Otherwise, any filing before a decision is made into an ILSEGA to the – I'm sorry. Say that again. Sorry. I mean, so your position is that filings in the district court are not judicial records until the court rules on them? In this – in this Court's opinion, in ILSEGA, this Court said – I believe it's either at JA – I know what ILSEGA said. ILSEGA's about a plea agreement where the only issue was whether the plea agreement should be sealed or not sealed. Right? Yes, Your Honor. That was the only question. And we distinguish that in metropolitan life. So the distinction, metropolitan life, is the law of the circuit. So I don't – this is nothing like ILSEGA. Sorry. In which case? In metropolitan life, we explained that ILSEGA held that a plea agreement submitted to the court only to allow it to rule on the government's motion to seal was not a judicial record. Yes, Your Honor. But in MetLife, this Court – this Court also said that it's common ground that not all documents filed with courts are judicial records and that whether something is a judicial record depends on the rule that plays in the – in the adjudicatory process. And in In Re Reporters, which was – Can't that rule – but can't that rule include things that we consider but don't ultimately rule on? Surely it can. Yes, Your Honor. The rule that plays in the adjudicatory process. So I do want to just emphasize, again, the narrowness of the rule. I want to just get a quick answer to this question, and that is the role of adjudicatory process would include issues presented to us that we don't ultimately rule on? Yes? Yes, Your Honor. It could, but not in cases – so the presumption flips where this – where the sealed material could not be properly considered by a court until some sort of ruling has been made, either that the administrative record should be supplemented or – and addressing the privilege – the privilege objections, and also where the court was able to, and in fact did, resolve the case on grounds to which – to which the material was not relevant. That's an entire appeal about supplementing an administrative record. Someone says, I lose on the current record, but I win if you look at these additional materials, and here's all my arguments as to why you should look at these additional materials. If it's – And then we issue a decision that says, no, we don't think – we don't think those things are properly part of the administrative record. What – are those – are those briefs? We think it would depend on the rationale that the court actually – I mean, that's of course not what actually happens here, but we do think that it would depend on the rationale that the court gave, and if the rationale were simply just this wasn't part of the administrative record, we don't ever need to look at the documents, then you wouldn't need to look at the underlying documents. If, however, the court actually indicated – I think we very well may have looked at the documents in the process of trying to understand the other party's argument. It can't be that we think this is a very close call. Here's all the arguments for including in the record. Here's the ones against it. They balance out. Everything's a judicial record. If we come and go, this is an easy case. Their arguments fail. They're not in the record. It would be a different status. I mean, in – so in Ray Reporters, this Court said – again, it was for purposes of the logic that apply here – that the touchstone of when the public interest applies – and this is at 1338 – is the admission of evidence. So if this Court has already held repeatedly its common ground that not every filing is a judicial record, and if the only decision is that – and not because I looked at the underlying material and, you know, it's more prejudicial than probative. Not something like that, where you really do need to understand what the record looked like to understand what the court was doing in this very narrow context. No, those wouldn't necessarily be judicial records. There's no colorable argument that this stuff should be in the record? Is that the distinction you're drawing? If there's no colorable argument, then what are you doing lobbying that in here? Yes. Yes, Your Honor. Is that this case? Yes, Your Honor. I mean, Kansas concedes that the court doesn't need to look at it. The district court here at JA 45 said that it didn't. The Public Interest Foundation told this court that we did need to look at it. And this court – so the issue only went to one substantive claim in this court, both in the majority and the dissent. So in the majority at page 12 and the dissent at page 16 said – so the majority said that because the case can be resolved on this other claim to which the sealed material is not relevant, we can just assume arguendo the delegation issue. And the dissent, although it would have come out the opposite way, said that – said that it is of no moment whether or whether or not – Are the sections of the appellate briefs on the delegation issue not judicial records? The – so the sealed portion of that – to the extent that it references things that are not properly part of the administrative document to which – Well, leave aside whether they're sealed or not for the moment. We all agree that regardless of the result in this case, Hubbard will still apply and he'll be able to make an argument about not revealing privileged information. I'm talking about the purely legal arguments in the court of appeals brief about delegation.  Yes, purely legal. Probably in the administrative record would be – would be a judicial record. So you're not resting it really at all on the point that the court didn't reach or need to reach it. That's not part of your – you have to drop that totally from your argument? No, Your Honor. We think that – although we do think that it could be an independent ground for ruling in this particular case that – You think it would be an independent ground to – But it's – the reason that it's relevant that no court has actually ever decided the issue is because if, hypothetically, if there were sort of a counterfactual in which the court doesn't make a formal ruling that, yes, I'm going to add this to the administrative record, but goes ahead and reaches the delegation issue and says, on review of everything in the JA, I decide X, then there is an indication that even though there should have been a formal ruling that this was in the administrative record, the court has indicated that it's actually reviewed it, and that might be a different case. And so here, the primary – Let me make the hypothetical. Just let me state it again. The portions of the court of appeals briefs that address the delegation issue, are they records or not? Leaving aside the sealed part, which, say, was redacted, because that is still subject to a dispute about whether it should be sealed or not. The legal arguments about delegation. Yes, Your Honor. Yes, they are judicial records. Yes, they are judicial records. So the fact that they were not considered by the court of appeals and were not necessary to the court of appeals decision is not an independent ground. Yes, that's correct, Your Honor. But it's relevant to the question of here, the ordinary presumption, where the sealed material goes to things that courts should not consider before making a rule that they are properly admissible. And then there's no – plus there's no reason to believe that the courts actually did it in that narrow circumstance. It's not a judicial record. Again, we're not saying it could never be a judicial record, depending on what happens in the future, but that it's not currently a judicial record. Can I just ask a fact question? The deposition that's at issue in this case, normally discovery isn't filed with the district court. Was the whole deposition filed with the district court, or are we only talking here about the sealed portions of arguments to the district court in this court? Yes, Your Honor, the entire deposition. So the entire substantive portion of the deposition was filed. My understanding is that maybe the pages that sort of say, this word appears this many times in the pages were excluded, but otherwise my understanding is that the whole deposition was attached. I want to ask you an unrelated question. The district court also ruled, didn't he, that Eagle Forum's interests were adequately represented by other parties, right, like Kansas? Yes, Your Honor. How do you defend that decision? So that, when reading the order, as we argued in our brief, when reading the order in total, so at J45, the district court said the sole reason that Eagle Forum sought to intervene was to unseal the judicial records. The court correctly concluded that these weren't judicial records, and because that was the only relief that was being requested. So then if you're wrong, if he's wrong about that, then he's also wrong about the intervention question, right? That's correct. So there's just one issue. There's just one issue, yes. They collapse in this particular posture. Can I ask you about jurisdiction? Yes, Your Honor. So you guys flagged this problem in your brief but then didn't develop it, and so you must have had a theory under which there's jurisdiction in this case? Yes, Your Honor. So with, well, with respect to jurisdiction more broadly, in Ray Reporter's report said that because the district court already has jurisdiction over the protective order, there doesn't need to be an independent ground for jurisdiction. I'm talking about appellate jurisdiction. Yes, Your Honor. And then here under, we do think that we agree with Eagle Forum that under this court's case in EEOC versus national children's. Could we address jurisdiction in that case? Sorry? Could we discuss jurisdiction in that case? So this court in that case said that the proper way for somebody, that permissive intervention was the correct way for somebody to, to actually handle this type of request to unseal the records. And the district court. No, no. And also, I mean, and then this court actually took appeal over that. We took appeal. I know, but there's, I mean, you know as well as I do that unaddressed questions of jurisdiction don't establish the question of jurisdiction, and we didn't address our circuit precedent in two cases saying that a permissive intervention by itself is not appealable. Yes, Your Honor. I mean, we, the, I think. There's a massive circuit conflict on this issue. Yes, Your Honor. So, and this wouldn't go, this, we think that EEOC versus national children's law centers settled the permissive, whether or not you can appeal from a denial of permissive intervention only with respect to this very narrow question of unsealing judicial records. Do you know where they said that? And. Where we said that? Sorry, let me just pull up the case so I can give you the hindsight. So at 1045. So at 1045 to 1046 is where this court. I'm not talking about, if you can tell me where we're talking about appellate jurisdiction. I mean, they're certainly saying that this is the way you should go in district courts to seek permissive intervention. Well, we'll have a flexible understanding of rule 24. So, but proceed. Yes. No, that's, that's right. But procedurally, what happened in EEOC versus national children's center is the same thing that happened here, which is that the district court denied the motion to intervene. And then this court, this court. We wouldn't have the question. The question comes up only when the permissive intervention is denied. Right. And the question. That was denied in our prior two cases as well. What we said, there was no jurisdiction. I think sometimes the district court has. My understanding is in MetLife actually the district court. Correct. I'm talking about in-ray vitamins. Right. Right. Right. Right. So, so the concern would be that if otherwise it would essentially, if the right way to do this is solely through seeking permissive intervention and when it's denied, there's no way for this court to have appellate jurisdiction. We do think that that would be problematic because it's not a question of you have a choice between doing intervention as a right in which, you know, there may or may not be. I suppose they could mandamus because there's old Supreme Court cases saying that there's only jurisdiction if it's an abuse of discretion, which I know collapses merits and jurisdiction, but I guess in theory it could be protected through mandamus. If you buy that same model. Because we think that under this court's precedent or EEOC versus National Children's Center that it is permissible to appeal from the denial, we haven't thought about mandamus as an alternative. I was wondering why your favorite case, the Reporters Committee doesn't resolve this case. So in that case, then Judge Scalia said it was part of the collateral order doctrine. Now in that case, which would be a ground for immediate appeal, in that case intervention had been granted, but there was no case with respect to denial of unsealing in the court. In his, in the judge, in one of his famous phrase, mutatis mutandis, where he goes from one to the other, says that the point is the same. The reporters are asking for release. They need, they want the release now. There's no other way to get it. It's separate from the underlying procedures. It will not interfere with the underlying procedures. So it fits directly within the collateral order doctrine. Yes, Your Honor, we agree. And I apologize if I hadn't previously mentioned in my Reporters Committee as talking about the collateral order. If there are no further questions, we ask that the Court affirm. Let me just say, I know I asked you a lot of questions very quickly, but you answered very quickly. I appreciate it. Go ahead. I just have five quick points and two minutes, wonderful. So on the Inouye Reporters Committee, that was rule, Federal Rules of Simple Procedure 30F1, where you file in a sealed envelope depositions with the court. And then local rules are allowed to accept that, not do that. And our, the lower courts, local rule 5.2C, no, 5.2A says don't give us that stuff. So that case is irrelevant. That wasn't materials that were submitted as part of the motions for seeking relief. It was a deposition in an envelope. And the only part of these documents that we're talking about here are the parts quoted or cited in these briefs. Is that right? Right. And I think what happened, maybe the whole deposition is relevant. I mean, so my colleague said that, you know, everything but the front and the end, the sort of wrappers, so to speak, got submitted. I think that means that everything in the deposition is relevant. But they were filed as exhibits, not as a sealed envelope. Also, the fact that Mr. Kobach made a concession certainly doesn't bind my client. It didn't bind the Public Interest Foundation. And even what he said wasn't a concession. He said that you could get around to the merits without reaching it. He didn't say you had to. In other words, it wasn't necessarily irrelevant. It could be bypassed. But that didn't make it not something that you could rely on. So it could have been relied on. And it's a could have been that's relevant as long as an issue is presented. In this case, we raised both the First Amendment and the Common Law Right of Access. I'm not sure what the difference is, to be honest. One obviously raises consequential concerns. But in your MetLife case, there was only the one. In here, there's both. These records were submitted under seal without going through Hubbard. Hubbard is a two-way street. It's not a lobster trap where you can go in easy, but it's hard to get out. So the district court misbehaved here. And so that's part of this. MetLife makes clear. Do you agree that if we decide these are judicial records, that doesn't mean the documents are released? There has to be a ruling on whether they're privileged? Well, absolutely. Yes, Hubbard applies. But it wasn't applied to stick them in. I mean, it's not at all clear that these weren't any privileged. We argued in the district court that they are entitled to no privileges. We went through all the ones that DOJ cited. Let me just make sure I got my ---- So on the jurisdiction, maybe I was going to ask if I could file something, but it seems perhaps that I don't need to. Say again. We'll let you know. What's that? We will let you know. Oh, you won't. Wonderful. Thank you. And that is ---- I guess the other problem is if we didn't have an appeal, it seems to me we could sue the clerk to get access under the First Amendment. The clerk is not a judicial officer. He's not immune. And that would just be worse than what we're trying to do here. What we tried is under the ---- It would certainly be more inefficient. Yes. If there are no questions, that's all. Thank you. We'll take the matter under submission. Thank you. Thank you.
judges: Garland, Tatel, Millett